# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 JAN 17  AM 11: 04

CLERK C Reynolds
SO. DIST. OF GA.

| | |
|---|---|
| TEXTRON INNOVATIONS INC., AND | ) |
| | ) |
| E-Z-GO | ) |
| (A DIVISION OF TEXTRON INC.), | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FAIRPLAY ELECTRIC CARS, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION NO. **CV106-009**

JURY TRIAL DEMANDED

## COMPLAINT FOR INJUNCTIVE RELIEF AND JURY DEMAND

1.      TEXTRON INNOVATIONS INC. and TEXTRON INC. (and more specifically, the E-Z-

GO division of Textron Inc.) (collectively "E-Z-GO") by and through its attorneys, hereby

demands a jury trial and complains of Defendant FAIRPLAY ELECTRIC CARS, LLC

("Fairplay" or "Defendant") as follows:

## NATURE OF THE ACTION

2.      This is an action for, *inter alia*, patent infringement, trade dress infringement, unfair

competition, and deceptive trade practices.  E-Z-GO`s claims of patent infringement arise under

the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*  E-Z-GO seeks to enjoin and

obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell

and/or importation into the United States for subsequent use or sale of products that infringe the

claim of United States Design Patent Nos. 369,762 (the "'762 Patent"), 345,717 (the "'717

Patent"), and 373,099 (the "'099 Patent"), all entitled "Golf Car" (collectively, the "E-Z-GO

Patents"). A copy of the '762, '717 and '099 Patents are attached as Exhibits A-C, respectively. E-Z-GO seeks preliminary injunctive relief to prevent Defendant from continuing to infringe the '762 Patent and permanent injunctive relief to prevent Defendant from continuing to infringe the E-Z-GO Patents. In addition, E-Z-GO seeks a recovery of monetary damages resulting from Defendant's past infringement of the E-Z-GO Patents. Textron Innovations Inc. is the lawful assignee of all right, title and interest in and to the E-Z-GO Patents. The '762 Patent was lawfully issued on May 14, 1996 in the name of William R. Molzon and James M. Criscuolo. The '717 Patent was lawfully issued on April 5, 1994, and the '099 Patent was lawfully issued on August 27, 1996, both with the same named inventors as the '762 Patent.

3.      This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing golf cars, golf carts, or low speed electric vehicles.

4.      E-Z-GO has been irreparably harmed by Defendant's infringement of its patent rights. Moreover, Defendant's unauthorized, infringing use of E-Z-GO's patented designs has threatened the value of this intellectual property because Defendant's conduct results in E-Z-GO's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented invention.

5.      Defendant's disregard for E-Z-GO's property rights has resulted in lost sales. Accordingly, unless and until Defendant's continued acts of infringement are enjoined, E-Z-GO will suffer further irreparable harm for which there is no adequate remedy at law.

6.      Furthermore, Defendant has committed and is committing acts of trade dress infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). E-Z-GO's golf cars have a distinctive trade dress which has acquired secondary meaning. E-Z-GO's golf car designs

are unique, ornamental and the purchasing public identifies the product design with E-Z-GO. Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of the protected golf car trade dress infringes upon the rights and good will established and maintained by E-Z-GO.

7.      Furthermore, Defendant has engaged in unfair competition practices in further violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8.      Furthermore, Defendant is also in violation of the Georgia laws of unfair competition, O.C.G.A. § 23-2-55.

9.      Furthermore, Defendant's conduct is also in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370, *et seq.*

10.     Finally, Defendant's practices of unfair competition and deceptive trade practices are also in violation of the common law.

## THE PARTIES

11.     Textron Innovations Inc. is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business at 40 Westminster Street, Providence, Rhode Island, 02903.

12.     Textron Inc. is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business at 40 Westminster Street, Providence, Rhode Island, 02903.

13.     E-Z-GO is a Division of Textron Inc. with its principal place of business at 1451 Marvin Griffin Road, Augusta, Georgia 30906, and is a manufacturer of golf car products.

14.     On information and belief, Fairplay is a limited liability corporation organized and existing under the laws of Colorado.  Fairplay represents that it has a place of business at 743 Horizon Ct., Suite 333, Grand Junction, Colorado, 81506.

15.     Fairplay advertises golf cars for sale nationally, and has established a network of regional distributorships throughout the United States to advertise, market and sell golf cars infringing E-Z-GO's intellectual property rights, including within the State of Georgia.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has jurisdiction over the subject matter of the federal trade dress and unfair competition actions pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), as well as 15 U.S.C. § 1121.

17.     The Court has supplemental jurisdiction over the state and common law causes of action pursuant to 28 U.S.C. § 1367.

18.     The Court has personal jurisdiction over Fairplay because it has committed acts of patent and trade dress infringement and has engaged in unfair competition and deceptive trade practices within the State of Georgia giving rise to this action and Fairplay has established minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

19.     E-Z-GO maintains its principal place of business at 1451 Marvin Griffin Road, Augusta, Georgia 30906.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) for at least the reasons that the Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including sales, offers for sale, and providing service and/or support to their respective customers in this district.

-4-

## COUNT I

### (Patent Infringement of United States Design Patent No. 369,762)

20.     Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

21.     Defendant makes, uses, sells, offers to sell and/or imports into the United States for

subsequent sale or use products that infringe directly and/or indirectly the ornamental design

claimed in the '762 Patent.

22.     Defendant infringes the claim of the '762 Patent through the aforesaid acts, and will

continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused E-Z-

GO to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others

from making, using, selling, offering to sell and importing the patented inventions.  E-Z-GO is

entitled to injunctive relief pursuant to 35 U.S.C. § 283.

23.     E-Z-GO is entitled to recover damages adequate to compensate for the infringement,

including Defendant's profits pursuant to 35 U.S.C. § 289.  E-Z-GO is entitled to recover any

other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT II

### (Willful Patent Infringement of United States Design Patent No. 369,762)

24.     Paragraphs 1 through 23 are incorporated by reference as if fully restated herein.

25.     Defendant's infringement has been willful, deliberate and with knowledge of E-Z-GO's

rights under the '762 Patent, and unless the Defendant is enjoined by this Court, such acts of

willful infringement by the Defendant will continue.  E-Z-GO is without adequate remedy at law.

E-Z-GO is entitled to recover damages adequate to compensate for the infringement of the '762

Patent, as well as additional damages for willful infringement including increased damages under

35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### (Patent Infringement of United States Design Patent No. 345,717)

26.  Paragraphs 1 through 25 are incorporated by reference as if fully restated herein.

27.  Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '717 Patent.

28.  Defendant infringes the claim of the '717 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused E-Z-GO to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. E-Z-GO is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

29.  E-Z-GO is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. E-Z-GO is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT IV

### (Willful Patent Infringement of United States Design Patent No. 345,717)

30.  Paragraphs 1 through 29 are incorporated by reference as if fully restated herein. Defendant's infringement has been willful, deliberate and with knowledge of E-Z-GO's rights under the '717 Patent, and unless the Defendant is enjoined by this Court, such acts of willful infringement by the Defendant will continue. E-Z-GO is without adequate remedy at law. E-Z-

GO is entitled to recover damages adequate to compensate for the infringement of the '717

Patent, as well as additional damages for willful infringement including increased damages under

35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35

U.S.C. § 285.

## COUNT V

### (Patent Infringement of United States Design Patent No. 373,099)

31.     Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32.     Defendant makes, uses, sells, offers to sell and/or imports into the United States for

subsequent sale or use products that infringe directly and/or indirectly the ornamental design

claimed in the '099 Patent.

33.     Defendant infringes the claim of the '099 Patent through the aforesaid acts, and will

continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused E-Z-

GO to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others

from making, using, selling, offering to sell and importing the patented inventions.  E-Z-GO is

entitled to injunctive relief pursuant to 35 U.S.C. § 283.

34.     E-Z-GO is entitled to recover damages adequate to compensate for the infringement,

including Defendant's profits pursuant to 35 U.S.C. § 289.  E-Z-GO is entitled to recover any

other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT VI

### (Willful Patent Infringement of United States Design Patent No. 373,099)

35.     Paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

36.     Defendant's infringement has been willful, deliberate and with knowledge of E-Z-GO's

rights under the '099 Patent, and unless the Defendant is enjoined by this Court, such acts of

willful infringement by the Defendant will continue.  E-Z-GO is without adequate remedy at law.

E-Z-GO is entitled to recover damages adequate to compensate for the infringement of the '099

Patent, as well as additional damages for willful infringement including increased damages under

35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35

U.S.C. § 285.

## COUNT VII

### (Trade Dress Infringement)

37.     Paragraphs 1 through 36 are incorporated by reference as if fully restated herein.

38.     Defendant makes, uses, sells, offers to sell and/or imports into the United States for

subsequent sale or use products that directly infringe E-Z-GO's trade dress in violation of § 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a).  E-Z-GO's trade dress in its ornamental golf car design

has been exhaustively marketed, promoted and sold continuously for at least ten years such that it

has acquired secondary meaning within the relevant market.  Defendant has used E-Z-GO's trade

dress without the authorization of E-Z-GO and continues to trade off the good will created and

maintained by E-Z-GO in its trade dress.  Defendant's activities cause confusion, mistake, or

deception as to the source of E-Z-GO's products and Defendant's association with E-Z-GO.

Accordingly, E-Z-GO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

39.     Defendant's use of E-Z-GO's trade dress has been willful and, as such, E-Z-GO is

entitled to damages pursuant to 15 U.S.C. § 1117(a), including E-Z-GO's profits, and/or E-Z-

GO's actual damages and/or the costs of this action.  E-Z-GO is further entitled to attorneys' fees and costs because of Defendant's conduct.

## COUNT VIII

### (Unfair Competition)

40.     Paragraphs 1 through 39 are incorporated by reference as if fully restated herein.

41.     Defendant is a direct competitor of E-Z-GO in the golf car market.  Defendant has copied E-Z-GO's product design such that Defendant's conduct falsely suggests association or affiliation with, or authorization or approval from E-Z-GO, that misleads, confuses, or deceives, and is likely to cause confusion, deception and/or mistake as to the association or affiliation of Defendant and E-Z-GO.

42.     Defendant has used E-Z-GO's distinctive and widely recognized trade dress without the authorization of E-Z-GO and, as such, the Defendant's conduct is actionable pursuant to 15 U.S.C. § 1125(a).  Accordingly, E-Z-GO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.     Defendant's deceptive trade practices have been willful and, as such, E-Z-GO is entitled to damages pursuant to 15 U.S.C. § 1117(a), including Defendant's profits, and/or E-Z-GO's actual damages and/or the costs of this action.  E-Z-GO is further entitled to attorneys' fees and costs.

## COUNT IX

### (Georgia Unfair Competition)

44.     Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45.     Defendant is a direct competitor of E-Z-GO in the golf car market.  Defendant has copied E-Z-GO's product design such that Defendant's conduct falsely suggests association or affiliation

with, or authorization or approval from E-Z-GO, that misleads, confuses, or deceives, and is likely to cause confusion, deception and/or mistake as to the association or affiliation of Defendant and E-Z-GO.  Accordingly, Defendant is in violation of the Georgia laws of unfair competition, O.C.G.A. § 23-2-55, for engaging in unfair competition practices.  Defendant's conduct of unfair competition is also contrary to the common law of Georgia.

46.     As a direct and proximate result of Defendant's unfair competition, E-Z-GO has sustained losses and hereby asserts claims for injunctive and monetary relief, including actual damages, Defendant's profits, costs and attorneys' fees.

47.     Defendant's direct copying of E-Z-GO's golf car design shows willful misconduct, malice, wantonness, oppression or that entire want of care that would raise the presumption of conscious indifferences to consequences.  Accordingly E-Z-GO seeks an award of punitive damages against Fairplay.

## COUNT X

### (Georgia Deceptive Trade Practices)

48.     Paragraphs 1 through 47 are incorporated by reference as if fully restated herein.

49.     Defendant has copied E-Z-GO's product design such that Defendant's conduct falsely suggests association or affiliation with, or authorization or approval from E-Z-GO, that misleads, confuses, or deceives, and is likely to cause confusion, deception and/or mistake as to the association or affiliation of Defendant and E-Z-GO.

50.     Defendant's conduct as described constitutes deceptive trade practices in violation of O.C.G.A. § 10-1-372 and the common law.

51.     As a direct and proximate result of Defendant's deceptive trade practices, E-Z-GO has

sustained losses and hereby asserts claims for injunctive and monetary relief, including actual

damages, Defendant's profits, costs and attorneys' fees, and any other damages as appropriate

pursuant to O.C.G.A. § 10-1-373.

52.     Defendant's direct copying of E-Z-GO's golf car design shows willful misconduct,

malice, wantonness, oppression or that entire want of care that would raise the presumption of

conscious indifferences to consequences.  Accordingly, E-Z-GO seeks an award of punitive

damages against Fairplay.

## PRAYER FOR RELIEF

WHEREFORE, E-Z-GO prays for judgment against Defendant, granting E-Z-GO the

following relief:

A.     That this Court adjudge and decree that the '762 Patent is valid and enforceable

against Defendant.

B.     That this Court adjudge and decree that Defendant has infringed and continues to

infringe the '762 Patent.

C.     That this Court adjudge and decree that the '099 Patent is valid and enforceable

against Defendant.

D.     That this Court adjudge and decree that Defendant has infringed and continues to

infringe the '099 Patent.

E.     That this Court adjudge and decree that the '717 Patent is valid and enforceable

against Defendant.

F.     That this Court adjudge and decree that Defendant has infringed and continues to

infringe the '717 Patent.

G.     That this Court adjudge and decree that E-Z-GO has a protectable trade dress in its ornamental golf car design that has acquired secondary meaning and distinctiveness.

H.     That this Court adjudge and decree that Defendant has infringed and continues to infringe E-Z-GO's trade dress.

I.     That this Court adjudge and decree that Defendant has engaged in unfair competition in violation of federal, state and common law.

J.     That this Court adjudge and decree that Defendant has engaged in deceptive trade practices in violation of federal, state and common law.

K.     That this Court order an accounting of all damages sustained by E-Z-GO as the result of the acts of infringement by the Defendant;

L.     That this Court grant injunctions enjoining the aforesaid acts of infringement by the Defendant, its officers, agents, servants, employees, subsidiaries and attorneys, and those acting in concert with it, including related individuals and entities, customers, representatives, OEMS, dealers, and distributors;

M.     That this Court enter an award to E-Z-GO of such damages as it shall prove at trial against Defendant that are adequate to compensate E-Z-GO for said infringements, Defendant's conduct of unfair competition and deceptive trade practices;

N.     That this Court order an award to E-Z-GO of up to three times the amount of compensatory damages because of Defendant's willful infringement, and any enhanced damages provided by 35 U.S.C. § 284;

O.     That this Court render a finding that this case is "exceptional" and award to E-Z-GO their costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

P.      That this Court render a finding that the Defendant's conduct warrants an award of punitive damages against Defendant pursuant to the laws of Georgia or common law; and,

Q.      Grant to E-Z-GO such other, further, and different relief as may be just and proper.

### JURY DEMAND

E-Z-GO demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

This _17_ day of _January_, 2006.

James B. Ellington
Georgia Bar No. 243858
HULL, TOWILL, NORMAN, BARRETT, & SALLEY
Post Office Box 1564
Augusta, GA 30903-1564
Telephone (706) 722-4481
Fax (706) 722-9779

Attorneys for Plaintiffs:
        Textron Innovations Inc., and
        E-Z-GO (A Division of Textron Inc.)

OF COUNSEL:

Scott Robertson
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

US00D369762S

# United States Patent [19]

## Molzon et al.

| [11] | Patent Number: | **Des. 369,762** |
|---|---|---|
| [45] | Date of Patent: | **∗∗May 14, 1996** |

[54] **GOLF CAR**

[75] Inventors: **William R. Molzon**, Clarkston, Mich.; **James M. Criscuolo**, Martinez, Ga.

[73] Assignee: **Textron Inc.**, Providence, R.I.

[∗∗] Term: **14 Years**

[21] Appl. No.: **29,859**

[22] Filed: **Oct. 18, 1994**

### Related U.S. Application Data

[63] Continuation-in-part of Ser. No. 17,534, Jan. 14, 1994, which is a continuation-in-part of Ser. No. 886,444, May 20, 1992, Pat. No. Des. 345,717, and Ser. No. 886,445, May 20, 1992, Pat. No. Des. 345,718.

[52] **U.S. Cl.** ............................................................ **D12/16**

[58] **Field of Search** ........................ D12/16; 280/DIG. 5; 296/186

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| D. 255,558 | 6/1980 | Ekuan ........................................ | D12/16 |
|---|---|---|---|
| D. 320,580 | 10/1991 | Kim ............................................ | D12/16 |
| D. 326,831 | 6/1992 | Lanius et al. ........................... | D12/16 |
| D. 345,717 | 4/1994 | Molzon et al. ......................... | D12/16 |
| D. 345,718 | 4/1994 | Molzon et al. ......................... | D12/16 |

| 4,037,614 | 7/1977 | Hines et al. ............................ | 135/5 A |
|---|---|---|---|
| 4,098,536 | 7/1978 | Mills ....................................... | 296/78.1 |
| 4,334,692 | 6/1982 | Lynch ..................................... | 280/79.1 A |
| 4,533,013 | 8/1985 | Hightower ............................. | 180/210 |
| 4,650,238 | 3/1987 | Healey ................................... | 296/37.7 |
| 4,772,064 | 9/1988 | Moore ..................................... | 296/102 |
| 4,773,695 | 9/1988 | Jones et al. ........................... | 296/77.1 |
| 5,094,500 | 3/1992 | Maypole et al. ...................... | 296/102 |

### OTHER PUBLICATIONS

1990 E–Z–GO Textron Product Catalog, pp. 1, 6, 9, 14, 22, 23, 24.

*Primary Examiner*—Melody N. Brown
*Attorney, Agent, or Firm*—Perman & Green

[57] **CLAIM**

The ornamental design for a golf car, as shown and described.

### DESCRIPTION

FIG. 1 is a perspective view of a golf car showing our new design;
FIG. 2 is a top plan view thereof;
FIG. 3 is a side elevational view thereof, the opposite side being a mirror image;
FIG. 4 is a front elevational view thereof; and,
FIG. 5 is a rear elevational view thereof.

**1 Claim, 4 Drawing Sheets**



EXHIBIT

A

**U.S. Patent**          May 14, 1996          Sheet 1 of 4          **Des. 369,762**



FIG. 1



FIG. 2

**U.S. Patent**  May 14, 1996  Sheet 3 of 4  **Des. 369,762**



FIG. 3



FIG. 4



FIG. 5

US00D345717S

# United States Patent [19]

## Molzon et al.

| | |
|---|---|
| [11] | Patent Number: **Des. 345,717** |
| [45] | Date of Patent: ** **Apr. 5, 1994** |

[54]  **GOLF CAR**

[75]  Inventors: **William R. Molzon**, Clarkson, Mich.;
**James M. Criscuolo**, Martinez, Ga.

[73]  Assignee:  **Textron Inc.**, Providence, R.I.

[**]  Term:  **14 Years**

[21]  Appl. No.:  **886,444**

[22]  Filed:  **May 20, 1992**

[52]  U.S. Cl. ......................................... D12/16
[58]  Field of Search ................. 296/186; 280/DIG. 5;
D12/16

[56]  **References Cited**

### U.S. PATENT DOCUMENTS

| D. 255,558 | 6/1980 | Ekuan | D12/16 |
|---|---|---|---|
| D. 320,580 | 10/1991 | Kim | D12/16 |
| D. 326,831 | 6/1992 | Lanius et al. | D12/16 |
| 4,037,614 | 7/1977 | Hines et al. | 135/5 A |
| 4,098,536 | 7/1978 | Mills | 296/78 R |
| 4,334,692 | 6/1982 | Lynch | 280/79.1 A |
| 4,533,013 | 8/1985 | Hightower | 180/210 |
| 4,650,238 | 3/1987 | Healey | 296/37.7 |
| 4,772,064 | 9/1988 | Moore | 296/102 |
| 4,773,695 | 9/1988 | Jones et al. | 296/77.1 |
| 5,094,500 | 3/1992 | Maypole et al. | 296/102 |

### OTHER PUBLICATIONS

1990 E–Z–Go Textron Product Catalog, pp. 1, 6, 9, 14, 22, 23, 24.

*Primary Examiner*—Wallace R. Burke
*Assistant Examiner*—M. Brown
*Attorney, Agent, or Firm*—Perman & Green

[57]  **CLAIM**

The ornamental design for a golf car, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a golf car showing our new design;
FIG. 2 is a top plan view thereof;
FIG. 3 is a side elevational view thereof, the opposite side being a mirror image;
FIG. 4 is a front elevational view thereof; and,
FIG. 5 is a rear elevational view thereof.





EXHIBIT
B

**U.S. Patent**          Apr. 5, 1994          Sheet 1 of 4          **Des. 345,717**



FIG. I.



FIG. 2.



FIG. 3.



FIG. 4.



FIG. 5.



US00D373099S

# United States Patent [19]

## Molzon et al.

[11]   **Patent Number:**   **Des. 373,099**

[45]   **Date of Patent:** ₍**₎* **Aug. 27, 1996**

[54]   **GOLF CAR**

[75]   Inventors: **William R. Molzon**, Clarkston, Mich.;
        **James M. Criscuolo**, Martinez, Ga.

[73]   Assignee: **Textron Inc.**, Providence, R.I.

[ * ]   Notice:   The portion of the term of this patent
        subsequent to Apr. 5, 2008, has been
        disclaimed.

[**]   Term:   **14 Years**

[21]   Appl. No.: **17,534**

[22]   Filed:   **Jan. 14, 1994**

### Related U.S. Application Data

[63]   Continuation-in-part of Ser. No. 886,444, May 20, 1992,
        Pat. No. Des. 345,717, and a continuation-in-part of Ser. No.
        886,445, May 20, 1992, Pat. No. Des. 345,718.

[52]   **U.S. Cl.** ................................................ **D12/16**
[58]   **Field of Search** ............................ D12/16; 296/186,
                                    296/37.7; 280/DIG. 5

[56]   **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 255,558 | 6/1980 | Ekuan | D12/16 |
| D. 320,580 | 10/1991 | Kim | D12/16 |
| D. 326,831 | 6/1992 | Lanius et al. | D12/16 |
| D. 345,717 | 4/1994 | Molzon et al. | D12/16 |
| D. 345,718 | 4/1994 | Molzon et al. | D12/16 |

| | | | |
|---|---|---|---|
| 4,037,614 | 7/1977 | Hines et al. | 135/5 A |
| 4,098,536 | 7/1978 | Mills | 296/78.1 |
| 4,334,692 | 6/1982 | Lynch | 280/79.1 |
| 4,533,012 | 8/1985 | Hightower | 180/210 |
| 4,533,013 | 8/1985 | Hightower | 180/210 |
| 4,650,238 | 3/1987 | Healey | 296/37.7 |
| 4,772,064 | 9/1988 | Moore | 296/102 |
| 4,773,695 | 9/1988 | Jones et al. | 296/77.1 |
| 5,094,500 | 3/1992 | Maypole et al. | 296/102 |

### OTHER PUBLICATIONS

1990 E–Z–GO Textron Product Catalog, pp. 1,6,9,14,22,23, 24.

*Primary Examiner*—A. Hugo Word
*Assistant Examiner*—M. Brown
*Attorney, Agent, or Firm*—Perman & Green

[57]   **CLAIM**

The ornamental design for a golf car, as shown and described.

### DESCRIPTION

FIG. 1 is a perspective view of a golf car showing our new design;
FIG. 2 is a top plan view thereof;
FIG. 3 is a left side elevational view thereof;
FIG. 4 is a front elevational view thereof;
FIG. 5 is a rear elevational view thereof; and,
FIG. 6 is a right side elevational view thereof.

**1 Claim, 5 Drawing Sheets**



**EXHIBIT**

*tabbies*   C



FIG. I.

**U.S. Patent**    Aug. 27, 1996    Sheet 2 of 5    **Des. 373,099**



FIG. 2.



FIG. 3.

**U.S. Patent**          Aug. 27, 1996          Sheet 4 of 5          **Des. 373,099**

## FIG. 4.



## FIG. 5.





FIG. 6.